**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**RANDALL LAMONT ROLLE,**

    **Plaintiff,**

**v.**                                                                  **Case No: 5:15-cv-285-Oc-34PRL**

**JOHN MACELUCH, KATHLEEN**
**KIRWIN, JAMES HARKINSON**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on *pro se* Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as a motion for leave to proceed *in forma pauperis*. In his Complaint, Plaintiff alleges constitutional violations by John Maceluch, an assistant state attorney, Kathleen Kirwin, Plaintiff's former criminal defense attorney, and James C. Hankinson, a state court judge, arising from his 2002 convictions. (Doc. 1).

**I.  LEGAL STANDARD**

In considering requests to proceed *in forma pauperis*, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). However, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Notably, an action is frivolous or malicious where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989); *see also Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory). Where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may "conclude a case has little or no chance of success and dismiss the complaint before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

## II.   DISCUSSION

As a preliminary matter, the undersigned observes that Plaintiff is not an ordinary litigant. As other courts in this district have observed, "Plaintiff is essentially a serial filer and continues to file the same actions repeatedly in different districts and divisions hoping for a different result." *Rolle v. Raysor*, No. 5-15-cv-268-JSM-PRL, (M.D. Fla. June 3, 2015) (denying plaintiff's motion to proceed *in forma pauperis* and dismissing the complaint as frivolous). A review of case filings for the Middle District of Florida reveals that Plaintiff has filed at least 19 actions in this district since 2007, including eight in 2015 alone.[2]  Plaintiff has been repeatedly "warned that pursuant to Federal Rule of Civil Procedure 11 the Court may enter monetary or other sanctions against a party for filing or pursuing frivolous actions," and that "Plaintiff's frivolous filings impinge upon the Court's responsibility to allocate its limited resources in the interests of justice." *Id*. at 2.

---

[2] Thus far in 2015, Plaintiff has filed the following cases:  5:15-cv-180-JSM-PRL, 5:15-cv-190-BJD-PRL, 5:15-cv-191-JSM-PRL, 5:15-cv-192-ACC-PRL, 5:15-cv-202-JSM-PRL, 5:15-cv-268-JSM-PRL, 5:15-cv-271-MMH-PRL, and 5:15-cv-285-MMH-PRL.

In fact, Plaintiff has previously filed almost identical actions in this Court and the Northern District under § 1983 against these same defendants related to their involvement in his 2002 conviction; and in each case the Court determined that Plaintiff's claims were without merit and the Complaints were dismissed as frivolous: *Rolle v. Maceluch*, 5:15cv191-Oc-30PRL (M.D. Fla. April 21, 2015); *Rolle v. Dilmore* No. 4:14-cv-339-RH-CAS (N.D. Fla. 2014); *Rolle v. Kirwin*, 4:14-cv-672-RH-GRJ (N.D. Fla. 2014); *Rolle v. Hankinson*, No. 4:07cv167-RH/AK, 2008 WL 781840 (N.D Fla. Mar. 21, 2008).  As this Court has explained, the doctrine of res judicata precludes a party who received a final judgment on the merits in a prior action "from re-litigating a cause of action that was or could have been raised in that action."  *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).  Because Plaintiff raised the same claims against the same defendants and a final judgment was rendered on the merits by a court of competent jurisdiction in the prior actions in this District and the Northern District, Plaintiff's claims in the present action are barred by the doctrine of res judicata.  *See id.* (stating that res judicata applies if four elements are met: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action").

Moreover, even if Plaintiff's claims were not barred by res judicata, his Complaint is due to be dismissed as frivolous because his claims are barred by the statute of limitations.  See *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)(court can dismiss a claim on statute-of-limitations grounds if it is apparent from the face of the complaint that the claim is time-barred).  "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  Because Plaintiff initiated this

case in Florida – which has a four-year statute of limitations for intentional torts under Florida Statute § 95.11(3) – Plaintiff's claims pursuant to § 1983 are subject to a four-year limitations period. Plaintiff's Complaint focuses on actions taken in 2002; and thus, his claims began to accrue in 2002. Because this action was initiated on June 10, 2015, well-outside the applicable four-year limitations period, his claims are barred by the statute of limitations. Therefore, his Complaint should be dismissed as frivolous. *See Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

Finally, as Plaintiff was previously advised by this Court and the Northern District, his claims against these Defendants are without merit. *See Rolle v. Maceluch*, 5:15-cv-191-JSM-PRL, Doc. 3 at 5-6; *Rolle v. Dilmore*, 2014 WL 6882735, at *2 (N.D. Fla. 2014). Assistant state attorney John Maceluch is immune to suit under the doctrine of prosecutorial immunity and Judge James Hankinson is immune to suit under the doctrine of judicial immunity. See *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate"); *Wahl v. McIver,* 773 F.2d 1169, 1172 (11th Cir. 1985)("judges are absolutely immune from civil liability 'for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly.'") Likewise, Plaintiff's § 1983 claim against Kathleen Kirwin fails because as his defense attorney she was not acting under the color of state law. See *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)(to prevail on a claim under § 1983, a plaintiff must demonstrate "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law.").

Accordingly, like Plaintiff's numerous other filings in this Court, Plaintiff's Complaint in this case should be dismissed as frivolous. Further, as evidenced by Plaintiff's repeated filings, he has failed to heed the Court's prior warnings regarding sanctions for frivolous filings. Consequently, Plaintiff is advised that if he files such frivolous actions in the future, he shall be subject to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. In addition, Plaintiff may be deemed an abusive filer, Plaintiff's *in forma pauperis* status may be denied prospectively, and the Clerk may be directed to refuse to accept any further filings from Plaintiff absent the full filing fee. *See Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (finding that the "number, content, frequency, and disposition" of plaintiff's filings showed an abusive pattern, and revoking plaintiff's *in forma pauperis* privilege, and directing the Clerk of the Court to refuse to accept any more of his appeals that were not accompanied by the full filing fee).

### III.  CONCLUSION

Accordingly, it is RECOMMENDED that:

1. Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**;

2. Plaintiff's Complaint (Doc. 1) be **DISMISSED** as frivolous; and

3. The Clerk be directed to terminate all pending motions and close this case.

**DONE** and **ENTERED** in Ocala, Florida on July 10, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party